# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

SONYA FLETCHER,

    Plaintiff,

v.

WILBUR L. ROSS,

    Defendant.

Civil Action No. TDC-17-3419

## MEMORANDUM OPINION

Plaintiff Sonya Fletcher has filed a civil action alleging race and color discrimination and unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), during her employment in the Office of the General Counsel of the National Oceanic and Atmospheric Administration ("NOAA"), a federal agency within the United States Department of Commerce. Presently pending before the Court is a Partial Motion to Dismiss filed by Defendant Wilbur L. Ross, the Secretary of Commerce ("Commerce"). Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

### I. Employment History

In June 2001, Fletcher, an African American with a dark complexion, began work as a secretary in NOAA's Office of the General Counsel for Fisheries/Financial Programs. Fletcher, whose position was at the GS-6 level, shared duties with another secretary, Evangeline Davis, a light-skinned African American who was at the GS-8 level. In 2004, Leila Afzal, who is white,

became Deputy Assistant General Counsel for Fisheries and Fletcher's first-level supervisor. Afzal treated Davis more favorably than Fletcher and helped Davis pursue her career goals at Fletcher's expense. When Fletcher sought to discuss career advancement, Afzal falsely told her that she had no promotion potential to GS-7, emphasizing that Fletcher's duties were clerical and did not require thought, even though Fletcher's duties including managing the budget, training, and procurement. Although Afzal refused to assist Fletcher in obtaining a promotion, she helped Davis secure a promotion to GS-9 by falsely stating that Davis performed duties actually conducted by Fletcher. Fletcher initiated Equal Employment Opportunity ("EEO") activity with the agency's EEO Office but resolved the matter in 2004 through mediation and thus did not file a formal complaint.

In 2006, Afzal reassigned duties from Fletcher to Davis, including work relating to the budget, training, and procurement, and transferred other duties from Davis to Fletcher, including those relating to the file room and the law library. She continued to tell Fletcher that she lacked promotion potential because she performed only clerical tasks, despite Fletcher's responsibility over many functions. In her October 2009 performance evaluation, Fletcher discussed promotion with Afzal and her second-level supervisor, Assistant General Counsel Adam Issenberg, who stated that they would be willing to create a plan for her promotion within a year. At the end of 2009, however, Fletcher was the only employee supervised by Afzal who was denied a year-end performance award. Although Fletcher reached out to Issenberg and Afzal about a promotion on additional occasions, Afzal refused to assist Fletcher. Rather, during the same time period, she helped Davis achieve a promotion to GS-11/12 through an accretion of duties.

In November 2009, Afzal started detailing problems with Fletcher's performance in the law library and file room to create a "paper trail" that would justify Fletcher's termination. Compl. ¶ 16, ECF No. 1. When Fletcher requested assistance and training with these tasks, Afzal provided none. Instead, on April 26, 2010, Afzal issued a Letter of Counseling to Fletcher regarding an interpersonal dispute between Fletcher and Davis about vacation time. Then, on April 29, 2010, Afzal placed Fletcher on a Pre-Performance Improvement Plan (Pre-PIP) relating to Fletcher's performance in organizing the library and file room. Fletcher responded to both the Letter of Counseling and the Pre-PIP on May 3, 2010, asserting that she could not fulfill the requirements of the Pre-PIP given the volume of work involved, she needed training to complete the tasks, and she was subject to discrimination and retaliation. On June 4, 2010, Afzal instructed Fletcher to complete daily work logs. On August 10, 2010, Afzal informed Fletcher that her performance under the Pre-PIP was not satisfactory and placed her on a 60-day Performance Improvement Plan ("PIP") with specific requirements relating to the library and file room. According to Fletcher, she fulfilled all of the requirements of the PIP.

On October 20, 2010, Afzal issued a memorandum of reprimand to Fletcher for allegedly failing to complete an assignment that Fletcher maintains she completed. Afzal then denied Fletcher a within-grade pay increase on October 25, 2010. Three days later, on October 28, 2010, Afzal informed Fletcher that she had failed to complete the requirements of the PIP. Fletcher responded in writing through counsel on November 29, 2010. Fletcher received a notice of proposed removal on December 1, 2010 and was terminated on March 26, 2011.

## II. Filing of the EEO Complaint

On December 8, 2009, Fletcher contacted the EEO Office to complain of harassment by Afzar, disparate treatment based on her allegation that Afzal and Issenberg had favored Davis

and refused to assist Fletcher in obtaining a promotion, and retaliation for prior EEO activity. On February 16, 2010, the EEO Office issued to Fletcher a Notice of Right to File a formal complaint of discrimination. She filed a formal complaint on March 2, 2010 in which she alleged that she had been subjected to a hostile work environment because of her race and color and in retaliation for her EEO activity. Fletcher later amended her EEO complaint to include the events surrounding the Letter of Counseling, the Pre-PIP, the work logs, and the PIP.

### III. MSPB Proceedings

After her termination, Fletcher filed an appeal to the Merit Systems Protection Board ("MSPB") on April 6, 2011. On July 27, 2011, Fletcher withdrew her request for a hearing in her pending EEO complaint in order to pursue her MSPB appeal and requested leave to re-file the EEO complaint at the termination of the MSPB proceedings. In the MSPB appeal, in addition to asserting that her termination was procedurally and substantively improper, Fletcher also argued that her termination was "based on her race . . . and color . . . and in retaliation for her prior EEO activity." Appellant's Prehearing Submissions at 2, *Fletcher v. U.S. Dep't of Commerce*, No. DC-0432-11-9593-I-1(M.S.P.B. Aug. 24, 2011), Def.'s Mot. Dismiss Ex. C, ECF No. 12-3. On October 17, 2011, an MSPB administrative judge issued an Initial Decision affirming the termination and finding no discrimination or retaliation against Fletcher.

On November 16, 2011, Fletcher filed a Petition for Review of the Initial Decision to the full MSPB, including on the issues of whether her termination was based on race or color or was in retaliation for her EEO activity. On July 13, 2012, the MSPB denied her Petition and adopted the Initial Decision as to the race and color discrimination and retaliation claims. On August 13, 2012, Fletcher appealed the MSPB's Final Order to the United States Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO"), which on July 26,

2014 concurred with the MSPB's finding that there had been no race or color discrimination or retaliation in the removal. In the OFO Decision, Fletcher received notice that she had the right to file a civil action based on the MSPB decision in a United States District Court within 30 days. Instead, on September 12, 2012, Fletcher appealed the MSPB decision to the United States Court of Appeals for the Federal Circuit. On August 1, 2013, her appeal was dismissed for failure to prosecute after she did not file a brief in accordance with the applicable rules.

## IV. Resolution of the EEO Complaint

On August 16, 2013, after the dismissal of her appeal of the MSPB Final Order, Fletcher returned to her original EEO complaint and filed a motion to reinstate her request for a hearing with the EEOC on that hostile work environment claim. In those proceedings, the EEOC administrative judge informed Fletcher on April 8, 2016 and in an August 2, 2017 decision that she was barred from re-litigating claims relating to the issuance and administration of the Pre-PIP and the PIP, as well as the decision to terminate her, because they had been fully litigated before the MSPB and the EEOC OFO. On the original hostile work environment claim, the EEOC found that Fletcher was not subject to a hostile work environment based on race, color, or retaliation and entered judgment against her on August 2, 2017. On August 10, 2017, Commerce issued a Final Order adopting the EEOC's decision in which it notified Fletcher of her right to file a civil action in a United States District Court within 90 days. The Final Order was mailed to Fletcher on August 14, 2017.

Fletcher commenced the action in this Court on November 16, 2017. In her Complaint, she alleges that she was subjected to disparate treatment and a hostile work environment on the basis of her race and color (Count I) and that she suffered retaliation and a retaliatory hostile work environment because of her EEO activities (Count II), in violation of Title VII. Fletcher

seeks a declaratory judgment that Commerce violated her rights, an injunction prohibiting Commerce from discriminating against employees who report discriminatory practices in violation of Title VII, reinstatement to her position, damages, attorney's fees, and costs.

## DISCUSSION

In its Motion, Commerce seeks dismissal of all claims previously litigated before the MSPB. Although Fletcher has not specifically enumerated separate claims on these issues, Commerce seeks dismissal of any claims of disparate treatment, discriminatory termination, or retaliation relating to (1) the April 29, 2010 Notice of Pre-PIP; (2) the August 10, 2010 performance assessment under the Pre-PIP; (3) the August 10, 2010 PIP; (4) the October 28, 2010 memorandum regarding Fletcher's deficient performance under the PIP; (5) the October 28, 2010 memorandum regarding Fletcher's performance in her Fiscal Year 2010 Performance Plan; (6) the December 1, 2010 memorandum proposing Fletcher's removal; and (7) the March 26, 2011 termination of Fletcher's employment. Commerce seeks dismissal of such claims because Fletcher failed to file suit relating to them within 30 days of the OFO Decision resolving such claims.

### I.     Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual

allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Courts may consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds*, *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015). "Under this exception, courts may consider 'relevant facts obtained from the public record,' so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Id.* (quoting *B.H. Papasan v. Allain*, 578 U.S. 265, 283 (1986)). The Court therefore takes judicial notice of the orders and proceedings of the MSPB and EEOC to the extent that they reflect the claims asserted in those proceedings, the claims resolved in those orders, and the dates of the MSPB and EEOC determinations and accompanying notices. *See* Def.'s Mot. Dismiss Ex. A, D, F, G, ECF Nos. 12-1, 12-4, 12-6, 12-7; *Fletcher v. Dep't of Commerce*, No. 12-3205 (Fed. Cir. Aug. 1, 2013).

## II. Time-Barred Claims

Commerce asserts that claims relating to the Pre-PIP, PIP, and termination decision should be dismissed as time-barred because Fletcher did not file such claims in federal court within 30 days of receiving notice of the OFO Decision. Fletcher counters that only the termination decision was reviewed by the MSPB, and the Pre-PIP, PIP, and termination decision are events relevant to her allegations of hostile work environment based on race and color (Count I) and retaliation and retaliatory hostile work environment (Count II).

A federal employee alleging discrimination or retaliation under Title VII may file an EEO complaint with the employing agency. 29 C.F.R. § 1614.103 (2018). The employee may appeal the final agency decision on that complaint to a United States District Court directly, or to

7

the EEOC first and then to federal court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.401(a), 1614.407; *Laber v. Harvey*, 438 F.3d 404, 416 & n.9 (4th Cir. 2006).

Separately, the MSPB has jurisdiction over adverse employment actions, including terminations. 5 C.F.R. § 1201.3 (2018). If a federal employee has challenged an employment action over which the MSPB has jurisdiction and alleges that such action was the result of discrimination, the employee may file a so-called "mixed case appeal" of the employment action with the MSPB. 5 U.S.C. § 7702(a)(1) (2012); 29 C.F.R. § 1614.302; *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1115 (Fed. Cir. 2013); *Pueschel v. Peters*, 577 F.3d 558, 563 (4th Cir. 2009). Alternatively, such an employee may file a mixed-case EEO complaint with the agency. 29 C.F.R. § 1614.302(b); *Pueschel*, 577 F.3d at 563. In a mixed-case appeal before the MSPB, the MSPB must "decide both the issue of discrimination and the appealable action." 5 U.S.C. § 7702(a)(1). If an MSPB administrative judge rules against the employee on the merits of a mixed case in an Initial Decision, the Initial Decision becomes the Final Order of the MSPB unless the employee files a petition for review to the entire MSPB. 5 C.F.R. §§ 1201.113–.114. If the full MSPB grants the petition for review, its decision becomes the Final Order. *Id.* § 1201.113(c).

After the Board issues its Final Order, the employee may seek administrative review by the EEOC or file a case in federal court. 5 U.S.C. §§ 7702(b)(1), 7703(b); 5 C.F.R. § 1201.57. If the employee seeks EEOC review, and the EEOC concurs in the MSPB's decision, the employee may then seek review by the United States Court of Appeals for the Federal Circuit or file a civil action in a United States District Court within 30 days of the EEOC decision. 5 U.S.C. § 7702(b)(5)(A); 29 C.F.R. § 1614.310(d); *Butler v. West*, 164 F.3d 634, 639 (D.C. Cir. 1999). If an employee pursues a mixed-case appeal with the Federal Circuit, however, the

employee abandons the discrimination claim "because the Federal Circuit lacks jurisdiction to entertain discrimination claims." *Pueschel*, 577 F.3d at 563. A civil action in a United States District Court must be filed within 30 days of the employee's receipt of notice that the action is judicially reviewable. 5 U.S.C. § 7703(b)(2).

Fletcher appealed her termination from federal employment to the MSPB. Initial Decision, *Fletcher v. U.S. Dep't of Commerce*, No. DC-0432-11-9593-I-1 (M.S.P.B. Oct. 17, 2011) ("MSPB Initial Decision"), Def.'s Mot. Dismiss Ex. D, ECF No. 12-4. Since she alleged that her removal was based on her race (African American) and color (dark complexion) and in retaliation for her prior EEO activity, *see id.* at 12, her filing constituted a mixed-case appeal which the MSPB had authority to hear under 5 U.S.C. § 7702(a)(1). *See Pueschel*, 577 F.3d at 563. In the appeal, she referenced the Pre-PIP and the PIP as part of her argument that her termination was based on discrimination and retaliation, and the administrative judge considered these events in finding that her removal was not based discrimination or retaliation. MSPB Initial Decision at 1–2, 12–13. These findings were affirmed by the MSPB's Final Order following Fletcher's appeal to the full Board. Final Order at 6, *Fletcher v. Dep't of Commerce*, No. DC-0432-11-9593-I-1 (M.S.P.B. July 13, 2012) ("MSPB Final Order"), Def.'s Mot. Dismiss Ex. F, ECF No. 12-6. After Fletcher sought further review by the EEOC, the EEOC concurred with the MSPB determination and mailed its decision to Fletcher on July 24, 2014. Decision, *Fletcher v. Pritzker*, No. 0320120066 (E.E.O.C. July 26, 2014) ("OFO Decision"), Def.'s Mot. Dismiss Ex. G, ECF No. 12-7. Fletcher then had 30 days to file a civil action appealing her claims of discriminatory and retaliatory termination to a United States District Court. *See* 29 C.F.R. § 1614.310(d); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Fletcher, however, did not file a Complaint in this Court until November 16, 2017, long after the 30-day period expired in 2014. Thus, to the extent that her Complaint includes claims for discriminatory termination based on race or color, or retaliatory termination based on prior EEO activity, those claims must be dismissed as time-barred. *See, e.g., McDaniel v. U.S. Postal Servs.*, 210 F.3d 384, at *1 (9th Cir. 2000) (unpublished); *Wongus v. McDonald*, No. 15-2950, 2016 WL 6892720, at *20 (D. Md. Nov. 23, 2016); *Davis v. Potter*, 301 F. Supp. 2d 850, 861 (N.D. Ill. 2004).

The fact that Fletcher's EEO complaint alleging a hostile work environment was not finally resolved by Commerce until August 2017 does not alter this conclusion. That complaint, filed before Fletcher's termination, alleged a hostile work environment, not discriminatory or retaliatory termination. After her termination, Fletcher chose to appeal her removal, including the alleged discrimination and retaliation, to the MSPB. She therefore could not separately file an EEO complaint with Commerce's EEO Office relating to her termination. 29 C.F.R. § 1614.302(b); *see Bonds v. Leavitt*, 629 F.3d 369, 378 (4th Cir. 2011); *Pueschel*, 577 F.3d at 563. Indeed, in considering Fletcher's EEO complaint relating to hostile work environment, the EEOC administrative judge recognized that the termination claims may no longer be presented when it determined that Fletcher was estopped from asserting those claims before the EEOC because they had been fully litigated before the MSPB. Order Entering Judgment at 8–9, 14–15, *Fletcher v. Ross*, No. 531-2014-00120X (E.E.O.C. Aug. 2, 2017), Def.'s Mot. Dismiss Ex. A, ECF No. 12-1; *cf. Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976) ("Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo."). The Motion will therefore be granted as to the claims of discriminatory or retaliatory termination.

The Court does not conclude, however, that any disparate treatment claims relating to the Pre-PIP or the PIP were presented to and resolved by the MSPB. First, although the MSPB received facts relating to the Pre-PIP and PIP, both the MSPB administrative judge and the full Board characterized the proceeding as an appeal of Fletcher's "performance-based removal." MSPB Initial Decision at 2; MSPB Final Order at 2. In neither decision was there any sign that Fletcher had asserted, or that the MSPB had analyzed, a claim that the institution of the Pre-PIP or the PIP, by itself, was a form of disparate treatment based on race, color, or retaliation. Furthermore, the MSPB, by statute, does not have jurisdiction to review the placement of an employee on a PIP or Pre-PIP. *See* 5 U.S.C. § 7512; 5 C.F.R. § 1201.3(a); *cf. Manley v. Dep't of Air Force*, 91 F.3d 117, 119 (Fed. Cir. 1996) (holding that a performance evaluation may not be appealed to the MSPB). Since the MSPB could not have heard such disparate treatment claims, they are not time-barred.

Nevertheless, placement on a Pre-PIP or PIP does not constitute an adverse employment action that can support a freestanding discrimination claim unconnected to a termination, demotion, or other adverse employment action. *See Jensen-Graf v. Chesapeake Emp'rs Ins. Co.*, 616 F. App'x 596, 598 (4th Cir. 2015); *see also James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004) (holding that a negative performance evaluation cannot support a discrimination claim unless it is subsequently used to "detrimentally alter the terms or conditions" of employment"), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Thus, even though not time-barred, any disparate treatment claims based on Fletcher's placement on a Pre-PIP or PIP are not viable discrimination claims separate and apart from her original discriminatory termination claim, which is now time-barred. Thus,

11

Fletcher's only remaining claims are for a hostile work environment based on race, color, and retaliation.

The Court notes that, going forward, it may still consider the facts that Fletcher was placed on a Pre-PIP and a PIP, and that she was eventually terminated, as part of the factual predicate for her hostile work environment claims. "[E]ven if a claim of discrimination based on a single discriminatory act is time barred, that same act could still be used as part of the basis for a hostile-work-environment claim." *Green v. Brennan*, 136 S. Ct. 1769, 1781 n.7 (2016). In a related context, courts have concluded that the fact that a certain event cannot form the basis of a discrimination claim based on a time bar does not preclude "consideration of the entire scope of a hostile work environment claim," included time-barred activity, "for the purposes of assessing liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002); *Gilliam v. S.C. Dep't of Juvenile Justice*, 474 F.3d 134, 140 (4th Cir. 2009). Therefore, the Court may consider facts that Fletcher was placed on a Pre-PIP and a PIP, and was then terminated, in assessing Fletcher's claims of a hostile work environment based on her race and color and a retaliatory hostile work environment.

## CONCLUSION

For the foregoing reasons, the Partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion is granted as to any freestanding disparate treatment or discriminatory termination claims in Count I, and any freestanding retaliation claims in Count II. Those claims are DISMISSED WITH PREJUDICE. The Motion is denied to the extent that it seeks to preclude the Court from considering any particular facts in assessing Fletcher's discriminatory hostile work environment claim in Count I and her retaliatory hostile work environment claim in Count II. A separate Order shall issue.

Date: November 16, 2018

THEODORE D. CHUANG
United States District Judge